IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddy Spann, | ) | C/A No.: 3:12-38-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kershaw County Mental Health Clinic; | ) | |
| Three Rivers Behavioral Health, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Freddy Spann, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

PJG

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or

"seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an

arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.

Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

      This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus,

551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than

those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and

a federal district court is charged with liberally construing a complaint filed by a *pro se*

litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating

a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S.

at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

      Nonetheless, the requirement of liberal construction does not mean that the court

can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading

requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The mandated liberal construction afforded to *pro se* pleadings means that if the court can

PJG

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against the defendants. Plaintiff's Complaint fails to provide this court with sufficient facts to enable the court to determine the nature of the claims that he attempts to raise. Plaintiff's Complaint also fails to present a coherent prayer for relief. Plaintiff complains that the Kershaw County Mental Health Clinic apparently referred him to Three Rivers Behavior Health. However, Plaintiff does not specify an alleged injury and does not ask for monetary damages or declaratory or injunctive relief for any such unspecified injury. Plaintiff does not allege that he is being held against his will or in violation of state or federal law. Although Plaintiff has named two defendants, the Complaint fails to reasonably inform either of the adverse parties of the asserted cause(s) of action against them. See <u>Brown v. Califano</u>, 75 F.R.D. 497 (D. D.C. 1977). Plaintiff alleges only the following facts (quoting verbatim):

> Kershaw County Mental Health Clinic after full hearing on the issues involved herein and consideration of the testimony and record, it is ordered and adjudged that the above named person is mentally ill and, Three Rivers



Behavioral Health lie paper work.  I told Kershaw County Mental Health Clinic
that I was not sick.  Three Rivers Behavioral Health have no true.

(ECF No.1 at 3-4.)  As to the portion of the Complaint addressing the relief sought, Plaintiff

alleges only "[t]o believe what said exceeds and exceeds." (Id. at 5.)  Plaintiff also filed a

Form AO 240, requesting leave to proceed *in forma pauperis*, in which he indicates that

he receives "disability months" and states that he has "1-2-2012, $602.00" plus $140 in 1st

Franklin Financial and $78.75 in First Choice.  (ECF No. 2.)

Although this court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff

must do more than make mere conclusory statements to support his claim.  Brown v.

Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)

(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was

conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989)

(same, where plaintiff's complaint "failed to contain any factual allegations tending to

support his bare assertion").  In fact, due to the lack of factual allegations of specific

wrongdoing attributable to specific defendants, the Complaint is both frivolous and fails to

state a claim on which relief may be granted.  See Cochran v. Morris, 73 F.2d 1310 (4th

Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints

that are either legally or factually baseless); Weller v. Dep't of Soc. Servs., 901 F.2d 387,

389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants);

see also Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (dismissing a *pro se*

complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).

To the extent that Plaintiff's Complaint attempts to assert a claim for relief under 42

U.S.C. § 1983 against Three Rivers Behavioral Health, the Complaint must sufficiently

PJG

allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Even if the *pro se* Complaint filed by Plaintiff could be liberally construed to "imply" an allegation of constitutional rights violations by the private defendant, such implied interpretation would not establish "federal question" jurisdiction in this case because no state action is involved.

In addition, a plaintiff seeking to impose § 1983 liability on a local government must prove that his or her injury was caused by "action pursuant to official municipal policy," which includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. Monell, 436 U.S. 658. Plaintiff has made no such allegation. Los Angeles Cnty. v. Humphries, 131 S.Ct. 447 (2010) (local governing bodies can be sued directly under § 1983, regardless of relief sought, where the action that is alleged to be unconstitutional implements or executes a policy or custom).

PJG

Although Plaintiff does not complain that his apparent custody[1] in Three Rivers Behavioral Health is unlawful, to the extent that Plaintiff's Complaint can be liberally construed as an attempt to seek habeas relief, it is obvious on the face of the pleading that this court lacks jurisdiction to entertain such a habeas claim because Plaintiff has not exhausted his state court remedies. Based on the vague and disjointed nature of Plaintiff's Complaint, it is not possible for this court to discern whether Plaintiff was subjected to a 72-hour order of detention issued by a licensed physician, under South Carolina's civil commitment procedures.[2] However, it does not appear from the Complaint's allegations that Plaintiff has had an involuntary emergency commitment proceeding in the Probate Court of Kershaw County, much less that Plaintiff has appealed any such Probate Court adjudication to the Court of Common Pleas, the South Carolina Court of Appeals, or the South Carolina Supreme Court. See S. C. Code, § 44-17-410 et seq.; Argoe v. Three Rivers Behavioral Health, 710 S.E.2d 67 (S.C. 2011). As a result, any possible ground for

---

[1] "Custody" sufficient to invoke habeas corpus jurisdiction has been found in cases where the petitioner is not incarcerated, for example, where the petitioner was on parole, awaiting trial on bail, on military reserve status, on bond after conviction and pending execution of sentence, and involuntarily civilly committed for mental evaluation/treatment. See Miller v. Blalock, 356 F.2d 273 (4th Cir. 1966).

[2] The court takes judicial notice of the online records of the Kershaw County Fourth Judicial Circuit Public Index, which indicate that Plaintiff is not involved in any currently pending criminal or civil proceeding. See http://publicindex.sccourts.org/kershaw/publicindex/PISearch.aspx (last visited January 9. 2012); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

PJG

habeas relief ostensibly raised in the present pleading has obviously not yet been

considered and addressed by courts of the State of South Carolina.[3]

## RECOMMENDATION

Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous federal

claim. Therefore this court recommends that the Complaint be dismissed without prejudice

and without issuance and service of process. See 28 U.S.C. § 1915.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 29, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Under 28 U.S.C. § 2241, even if a federal habeas petitioner satisfies the "in custody" requirement, relief is available only if the petitioner has shown that he or she has exhausted state court remedies to challenge the judgment of conviction, or that special circumstances exist which justify intervention by the federal court prior to a judgment of conviction by a state court, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).